In the Matter of the Application of SAMUEL SYLVESTER, etc., Appellant, for an Order Vacating a Certain Complaint and Search Warrant, and Directing the Return of Certain Liquid Goods, etc., Seized at Cornwall, N. Y. THE PEOPLE OF THE STATE OF NEW YORK, Respondent.†— Order affirmed, without costs. No opinion. Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ., concur.

ROSALIE G. JONES, Individually and as One of the Executors, etc., of MARY E. JONES, Deceased, Respondent, v. LOUISE E. JONES and Others, as Executors, etc., of MARY E. JONES, Deceased, and Others, Appellants.— Judgment unanimously affirmed, with costs to the plaintiff payable out of the estate. The direction in the 19th clause of the will, to sell and convert the residue of the estate into cash and to divide the proceeds, was mandatory and worked an equitable conversion. No time having been fixed in the will for the conversion of the property into cash, such sale must be made within a reasonable time. What is a reasonable time depends upon the circumstances of each particular case. (*Matter of Weston*, 91 N. Y. 502; *Walbridge* v. *Brooklyn Trust Co.*, 143 App. Div. 502.) The court below has determined as a fact that a reasonable time to make such sale would be reached on January 1, 1923, the testatrix having died in October, 1918. Upon the facts disclosed in the record, we see no reason for interfering with the judgment. Present — Kelly, P. J., Manning, Kelby, Young and Kapper, JJ.

GEORGE W. MORITZ, Respondent, v. W. M. EVANS DAIRY COMPANY, INC., Appellant.— Determination and order of the Appellate Term unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Kelby, JJ.

THE MOUNT VERNON COMPANY, SILVERSMITHS, INC., Respondent, v. THE MOUNT VERNON METAL PRODUCTS COMPANY, INC., Appellant.— Orders reversed on the law and the facts, with ten dollars costs and disbursements, and defendant's motion for an inspection and discovery of plaintiff's books, with the aid of accountants, granted, without costs. We think the defendant is entitled to the inspection sought by reason of the relation between the parties, and that the condition attached by the learned justice at Special Term to the granting of the order should not have been imposed. The plaintiff is in possession of the books under a " managing contract," by which it manages the defendant's business, and in such circumstances an examination by the accountants for the defendant is necessary for the defendant properly to prepare for trial on its counterclaim. Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ., concur.

WILLIAM HAROLD POWERS, Respondent, v. E. P. W. REALTY COMPANY, INC., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kelby and Kapper, JJ.